```
                IN THE UNITED STATES BANKRUPTCY COURT

               FOR THE SOUTHERN DISTRICT OF TEXAS

                        GALVESTON DIVISION
                                        )
IN RE                                   )
                                        )
EDDIE P. ROBINSON and                   )   CASE NO. 02-80182-G3-7
JANICE K. ROBINSON,                     )
                                        )
        Debtors,                        )
                                        )
EDDIE P. ROBINSON and                   )
JANICE K. ROBINSON,                     )
                                        )
        Plaintiffs,                     )
v.                                      )   ADV. NO. 06-8018
                                        )
SUSAN EDMONSON,                         )
                                        )
        Defendant.                      )
                                        )
```

## MEMORANDUM OPINION

The court has held a hearing on its "Order to Show Cause" (Docket No. 30). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered abstaining from the instant adversary proceeding. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Eddie P. Robinson and Janice K. Robinson ("Debtors") filed a voluntary joint petition under Chapter 7 of the Bankruptcy Code on May 29, 2002.

From its inception, the above captioned Chapter 7 case occasioned much litigation regarding the omission from Debtors' schedules of various assets.  Debtors contended that some of these assets were owned by various corporations.  Some of the assets which were omitted from the schedules include Debtors' ownership interests in the various corporations.  The results of litigation have included the denial of discharge (Docket No. 12, Adv. No. 03-8060).

Debtors were initially represented in the above captioned Chapter 7 case by Defendant Susan Edmonson.

Edmonson moved to withdraw from representing Debtors on September 1, 2004.  Edmonson's motion to withdraw was granted by order entered September 29, 2004.  Concurrently, Debtors sought authority to employ new counsel, and such authority was granted.

Debtors' employment of new counsel did not result in a quick resolution of the matters in the instant Chapter 7 case. Indeed, new counsel led Debtors to seek conversion of the case first to Chapter 11, and then to Chapter 13.  The motion to convert to Chapter 13 was denied, by order entered June 27, 2005 (Docket No. 156, Case No. 02-80182-G3-7).

After the court denied conversion of the instant case, the Chapter 7 Trustee compromised the remaining matters involving the bankruptcy estate.  At the hearing on the instant order to show cause, counsel for the Chapter 7 trustee indicated that

Trustee will have the final report prepared with respect to the bankruptcy estate within the first three months of 2007.

In the instant adversary proceeding, Debtors contend that Edmonson committed fraud and legal malpractice in her advice to them during the course of the Chapter 7 case, thus causing Debtors to lose their discharge and several assets.

## Conclusions of Law

The court has original but not exclusive jurisdiction, pursuant to 28 U.S.C. § 1334, of "all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(b).

The court may permissively abstain in the interest of justice, or in the interest of comity with state courts or respect for state law.  28 U.S.C. § 1334(c)(1).

Determining whether an estate's professionals committed malpractice under state law is within the Bankruptcy Court's core jurisdiction.  Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.), 163 F.3d 925 (5th Cir. 1999).

A Chapter 11 debtor in possession with notice of the facts giving rise to a professional malpractice action against its professionals must raise the issue in opposition to the professional's final fee application.  Osherow v. Ernst & Young, LLP (In re Intelogic Trace Inc.), 200 F.3d 382 (5th Cir. 2000).

However, Southmark and Intelogic Trace are inapposite to the instant case, in that the instant case involves the debtors' professionals rather than the estate's professionals. Because the professionals of a Chapter 7 debtor are not compensated from the bankruptcy estate, see Andrews & Kurth L.L.P. v. Family Snacks, Inc. (Matter of Pro-Snax Distributors, Inc.), 157 F.3d 414 (5th Cir. 1998), the court's core jurisdiction is not implicated to the same extent as in matters involving the estate's professionals.

In the above captioned Chapter 7 case, nearly all the proceedings directly affecting the collection and distribution of estate funds are complete, despite the continuation of compounding convoluted issues in the Chapter 7 case even after Edmonson's withdrawal.  A state court, which routinely determines matters of professional malpractice, is a better forum for resolution of the remaining issue.  The court concludes that the interest of justice is best served by allowing the above captioned Chapter 7 case to be completed, without further intricacies regarding the instant adversary proceeding.

Based on the foregoing, a separate Judgment will be entered abstaining from the instant adversary proceeding.

Signed at Houston, Texas on January 11, 2007.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE